Opinion by
Montgomery, J.,
This appeal concerns the measure of damages in an action of assumpsit based on a written contract under which appellant agreed to purchase, at $2.15 per pound, 20,000 pounds of yarn to be manufactured by appellee. Appellee manufactured 3,723 pounds of the yarn and delivered it to appellant, who accepted and paid for it. The remaining 16,277 pounds were never manufactured because appellant advised appellee by letter, dated August 12, 1960, that it repudiated the contract and would refuse any future delivery of yarn.
Appellee was awarded $4,069.25 in a nonjury trial, which award was based on testimony offered by appellee that the market price of the yarn was $1.90 per pound on August 12, 1960. The award represents 16,-277 times the difference between the contract price and the market price ($.25 per pound). No evidence was offered as to the cost of manufacturing the yarn.
Appellant contends that the proper measure of damages in such cases is the difference between the cost of manufacturing and the contract price; and, therefore, since appellee did not prove its cost of manufacture, it is entitled only to nominal damages.
Appellee contends that it has properly proved its damages under section 2-708 of the Uniform Commercial Code, April 6, 1953, P. L. 3, as amended October 2, 1959, P. L. 1023, §2, 12A P.S. 2-708, which reads as follows:
*641 “Seller’s Damages for Non-Acceptance or Repudiation— (1) Subject to subsection (2) and to the provisions of this Article with respect to proof of market price (Section 2-723) the measure of damages for nonacceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in this Article (Section 2-710), but less expenses saved in consequence of the buyer’s breach.
“(2) If the measure of damages provided in subsection (1) is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in this Article (Section 2-710), due allowance for costs reasonably incurred and due credit for payments or proceeds of resale.”
Prior to the Uniform Commercial Code the law was the same. See Sharpsville Furnace Company v. Snyder, 223 Pa. 372, 72 A. 786 (1909), and Spears v. Henry F. Michell Company, Incorporated, 56 Pa. Superior Ct. 294 (1914). In both of these cases it is stated that for a breach of contract for the sale of personal chattel, yet to be manufactured, the vendor is entitled to recover the difference between the selling price and the market value at the time and place of delivery.
Appellant seeks to avoid the application of this rule by a contention that the proof of the market price of similar yarn was lacking in the particular that the place where the price of $1.90 per pound prevailed was not established. This argument was not advanced in the court below nor was it discussed by the lower court in its opinion. Although it should not be considered by us at this time, we note that in the complaint the market price was alleged to be $1.95 “at the time and *642 place of tender”, which allegation was not sufficiently denied in appellant’s answer. We conclude that the only variance between the allegata and the probata was in the price ($1.95 as alleged and $1.90 as proved), not in the time or place factor. From what appears before us, no objection was made on account of this variation; therefore, any objection to it must be considered to have been waived.
Section 2-723 of the Uniform Commercial Code as amended October 2, 1959, P. L. 1023, §2, contains the following provisions for establishing market price:
“Proof of Market Price: Time and Place — (1) If an action based on anticipatory repudiation comes to trial before the time for performance with respect to some or all of the goods, any damages based on market price (Section 2-708 or Section 2-713) shall be determined according to the price of such goods prevailing at the time when the aggrieved party learned of the repudiation.
“(2) If evidence of a price prevailing at the times or places described in this Article is not readily available the price prevailing within any reasonable time before or after the time described or at any other place which in commercial judgment or under usage of trade would serve as a reasonable substitute for the one described may be used, making any proper allowance for the cost of transporting the goods to or from such other place.
“(3) Evidence of a relevant price prevailing at a time or place other than the one described in this Article offered by one party is not admissible unless and until he has given the other party such notice as the court finds sufficient to prevent unfair surprise.”
We are of the opinion that this provision was complied with. Appellant did not contend either surprise or lack of notice and did not offer any evidence to refute the fact that the market price of similar yarn at *643 the time and place of tender, or within a reasonable distance from such point, was a price other than $1.90 per pound.
In view of our conclusion that appellant properly based its measure of damages on the difference between the contract price and the current market price and satisfactorily established the proper market price, there is no need to engage in any further discussion of appellant’s other contentions, other than to refer to the case of C. P. Mayer Brick Company v. D. J. Kennedy Company, 230 Pa. 98, 79 A. 246 (1911), which was relied on heavily by appellant. We find that case to be in accord with our views as previously stated. The measure of damages in the Mayer case was the difference between the contract price and the cost of manufacturing the brick because there was no market price proved in that case. In his opinion, which was adopted by the Supreme Court, Swearingen, P. J., stated at page 105, “There is no evidence that the plaintiff could have obtained a market for these brick, especially when it found that, as the year was expiring, the defendant was not likely to take the entire output of its plant.” An existing market price was proved in the present case.
Judgment affirmed.